# UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MISSOURI ST. JOSEPH DIVISION

VINCENT CAVALLARO, )
)
Petitioner, )
)
vs. ) Case No. 12-6123-CV-SJ-FJG
)
LARRY DENNEY, et al., )
)
Defendants. )

# **ORDER**

Currently pending before the Court is Petitioner's Amended Petition for a Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 (Doc. # 2).

## **I. BACKGROUND**

Cavallaro was initially incarcerated in North Carolina for murder. He escaped and committed two homicides in Missouri. In 1969, Cavallaro was charged with first and second degree murder. On May 5, 1969, Cavallaro pled guilty to these charges and was sentenced to life imprisonment for the first degree murder charge, and 35 years for the second degree murder charge. The sentences were ordered to run consecutively. In 1981, Cavallaro escaped from a Missouri prison. He later turned himself in and pled guilty to the charge of escape and was sentenced to five years on May 7, 1981. Cavallaro was denied parole and/or conditional release in March 2009 by the Missouri Board of Probation and Parole ("MBPP"). Cavallaro challenged this denial in the Circuit Court of Cole County, arguing that he had a liberty interest in the use of statutes and regulations in force at the time of his offense. He also claimed that he had a liberty interest in release on parole. He also claimed that his denial was based on a post-1982

statute and that this violated the Ex Post Facto Clause.  The Circuit Court construed the action as a petition for mandamus against the Missouri Board of Probation and Parole and on March 10, 2010, granted summary judgment to the MBPP and the Warden.  On September 13, 2011, the Missouri Court of Appeals affirmed the decision of the circuit court.  Having properly exhausted all of his remedies on these claims in the state court, Cavallaro argues that this Court has jurisdiction to hear his claims.

**Original 1979 Conditional Release Statute[1]**

> 4. (1) A sentence of imprisonment for a term of years shall consist of a prison term and a conditional release term.  The conditional release term shall be:
>
> (a) One-third for terms of nine years or less;
> (b) Three years for terms between nine and fifteen years;
> (c) Five years for terms more than fifteen, *including life imprisonment.*

Mo.Rev.Stat. § 558.011.4(1) (1979)(emphasis added).

**1990 Amendment – Conditional Release Statute**

> 4. (1) A sentence of imprisonment for a term of years shall consist of a prison term and a conditional release term. The conditional release term of any term imposed under section 557.036, RSMo, shall be:
>
> (a) One-third for terms of nine years or less;
> (b) Three years for terms between nine and fifteen years;
> (c) Five years for terms more than fifteen years; and the prison term shall be the remainder of such term.

The 1990 Amendment removed the reference to "life imprisonment " in subsection (c).

---

[1] "Conditional release" means the conditional discharge of an offender by the board of probation and parole, subject to conditions of release that the board deems reasonable to assist the offender to lead a law-abiding life, and subject to the supervision under the state board of probation and parole."  Miller v. Missouri Dept. of Corrections, No. WD 76649, 2014 WL 2466568, (Mo.App. June 3, 2014). "'Conditional release' and 'parole' are neither identical nor interchangeable terms, although '[c]onditional release is akin to parole.' . . .The operation of conditional release is specifically dictated by statute. Section 558.011.4(1) specifies that the last few years of a sentence, up to a maximum of five years for sentences over fifteen years, is the conditional release term. . . .Parole, on the other hand, is almost entirely within the discretion of the Parole Board." Cooper v. Holden, 189 S.W.3d 614, 617-18 (Mo.App. 2006).

2

## II. STANDARD

The Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2254 (AEDPA) applies to all petitions for habeas relief filed by state prisoners after the statute's effective date of April 24, 1996. When reviewing a claim that has been decided on the merits by a state court, AEDPA limits the scope of judicial review in a habeas proceeding as follows:
An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless the adjudication of the claim -
(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or
(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

Charron v. Hurley, No. 4:10CV1487HEA, 2013 WL 5744164 (E.D.Mo. Oct. 23, 2013).

Section 2254 has been amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Pub.L.No. 104-132 (April 24, 1996). Under AEDPA, a federal court must defer to a state court's resolution of a petitioner's fact-dependent claims unless it is shown that the state court's decision "was contrary to, or involved an unreasonable application of, clearly established federal law" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." § 2254(d)(1),(2). A state court decision is "contrary to clearly established federal law" if it significantly misstates an applicable rule from a Supreme Court case or reaches a conclusion different than the Supreme Court in a case involving materially identical facts. Williams v. Taylor, 529 U.S. 362, 120 S.Ct. 1495, 1519-20, 146 L.Ed.2d 389 (2000)(O'Connor, J. concurring). A state court decision is an "unreasonable application of clearly established federal law" if the decision "correctly identifies the governing legal rule but applies it unreasonably to the facts of a particular prisoner's case." Id. at 1520. The reasonableness of a decision is to be judged by an objective standard, rather than by reference to a hypothetical reasonable jurist. Id. at 1521 (overruling Drinkard v. Johnson, 97 F.3d 751, 769 (1996), cert. denied, 520 U.S. 1107, 117 S.Ct. 1114, 137 L.Ed.2d 315 (1997)).

Arnold v. Dormire, No. 10-04107-CV-C-NKL, 2010 WL 4008126, *3 (W.D.Mo. Oct. 12, 2010).

3

### III. DISCUSSION

#### A. Missouri Court of Appeals Decision

Cavallaro appealed the circuit court's decision which granted summary judgment in favor of the Missouri Board of Probation and Parle and denied his claim that he was entitled to parole or conditional release from prison.

In March 2009, Cavallaro was denied parole. In February 2010, he filed a petition for habeas corpus or alternatively a writ of mandamus. He alleged that he had a liberty interest in parole consideration under the law in effect at the time of his offenses and also a liberty interest in conditional release pursuant to §558.011.4 (1979). The Court of Appels found that the circuit court was correct and that Cavallaro had no entitlement to conditional release based on Cooper,189 S.W.3d 614 and Rentschler v. Nixon, 311 S.W.3d 783 (Mo.banc 2010). The Court found that Cavallaro had no liberty interest in release under the statute and there was no Ex Post Facto violation in the Board's application of the current statute.

In Cooper, the Court noted:

> 'conditional release' and 'parole' are neither identical nor interchangeable terms, although [c]onditional release is akin to parole. . . .When a sentence of imprisonment is imposed, it consists of a 'prison term,' which the offender is required to serve prior to being eligible for conditional release. . . .[t]he conditional release term is the maximum length of time a person must satisfactorily serve on parole before he is finally discharged, regardless of the point in time when he is released from his confinement in prison.

Id. at 617-618 (internal citations and quotations omitted). The Missouri Court of Appeals noted that in Cooper, the Court found that because an inmate did not have a conditional release date established prior to the statute's amendment in 1990, he did not have a statutory entitlement to conditional release. The Court of Appeals reasoned that because the amendment did not affect a substantive right, there was no Ex Post

4

Facto violation. With regard to Cavallaro, the Court of Appeals found that he did not have a conditional release date under the 1979 statute prior to its amendment, thus he had no entitlement to conditional release and there was no Ex Post Facto violation.

The Court of Appeals also found that in Rentschler, the Missouri Supreme Court found that retroactive application of the conditional release statute did not violate substantive due process nor was it a violation of the Ex Post Facto laws. The Court of Appeals noted that Cavallaro was arguing that in 1979, conditional release was available to those sentenced to life in prison, and this gave him a liberty interest in conditional release, which was taken away by the 1990 amendment. However, the Court of Appeals rejected this argument noting that Cavallaro did not have a conditional release date prior to the amendment and thus he had no entitlement to conditional release.

### B. Ex Post Facto Clause

Cavallaro argues in his first point that the MBPP in applying the more recent version of the law to deny him conditional release, violated the Ex Post Facto clause, because the 1979 version of the statute was a substantive law. "Ex post facto laws are laws which are retrospective and which disadvantage the affected offender 'by altering the definition of criminal conduct or increasing the punishment for the crime.'" Spencer v. Hurley, No. 4:11CV01306AGF, 2014 WL 2558694, *7 (E.D.Mo. June 6, 2014) (citing (Lynce v. Mathis, 519 U.S. 433, 441 1997)). The state argues in response that the Missouri Court of Appeals considered this issue and ruled it on the merits, finding that because prisoners have no liberty interest in parole, there is no substantive right at issue and thus no Ex Post Facto error in applying later conditional release statutes. The State also notes that Mo.Rev.Stat. § 558.011 bifurcates a sentence into a prison term

and a conditional release term and any modification to the conditional release term cannot affect the sentence term originally imposed, thus amendments to § 558.011 cannot violate the Ex Post Facto clause. The State notes that when Cavallaro was sentenced in 1969, there was no conditional release statute in effect. Cavallaro does not allege that the Board has ever scheduled a conditional release date for him or taken one away based on a change in the law. The State asserts that Cavallaro fails to show why the 1979 version of the statute creates a liberty interest that was taken away from him. The State argues that nothing about the newer version of § 558.011 makes the sentence that Cavallaro is serving more burdensome, thus the statute does not violate the Ex Post Facto clause. The State also notes that the Missouri Court of Appeal's decision is consistent with a reasonable application of Collins v. Youngblood, 497 U.S. 37, 42, 110 S.Ct. 2715, 2719, 111 L.Ed.2d 30 (1990). In Collins, the Court summarized the meaning of the Ex Post Facto clause:

> It is settled, by decisions of this Court so well known that their citation may be dispensed with, that any statute which punishes as a crime an act previously committed, which was innocent when done; which makes more burdensome the punishment for a crime, after its commission, or which deprives one charged with crime of any defense available according to law at the time when the act was committed, is prohibited as *ex post facto*."
> *Id.,* at 169–170, 46 S.Ct., at 68–69.

Id., 497 U.S. 37, 42, 110 S. Ct. 2715, 2719, 111 L. Ed. 2d 30 (citing Beazell v. Ohio, 269 U.S. 167, 46 S.Ct. 68, 70 L.Ed. 216 (1925)).

In the instant case, the Court agrees and finds that the Missouri Court of Appeals was correct in its application of the law. The application of the newer version of the conditional release statute which eliminated conditional release for those sentenced to life imprisonment does not violate the Ex Post Facto clause, because the statute did not increase the punishment for the crime which Cavallaro was convicted of, it only

6

eliminated his eligibility for conditional release. However, Cavallaro had not been given a conditional release date at the time that the statute was amended, so the amendment did not make his punishment more burdensome than it had been before. Therefore, the Court finds that the Missouri Court of Appeals determination that the 1990 amendment to the conditional release statute did not violate the Ex Post Facto clause was a reasonable interpretation of the law.

> As a federal habeas court, this Court must defer to the state court's interpretation of state law. . . . The state courts' determination thus effectively ends the matter, as the ex post facto clause is not violated by a statutory amendment that neither retroactively alters the definition of the crime nor increases the punishment therefor.

Charron, 2013 WL 5744164, *7 (internal citations omitted).

### C. Substantive Due Process

Cavallaro argues that the 1979 conditional release statute entitles an inmate serving a life sentence to conditional release invoking substantive due process. In support of this argument Cavallaro cites Swarthout v. Cooke, 131 S.Ct. 859, 178 L.Ed.2d 732 (2011). Cavallaro argues that the conditional release statute used the mandatory word "shall," but the State is not giving him even minimal due process. He argues that Swarthout requires state courts to adhere to their own criteria and the criteria is the 1979 conditional release statute.

The State argues that the Missouri Court of Appeals determined that the 1979 version of the conditional release statute was not in effect when Cavallaro was sentenced in 1969. The State also argues that the Missouri Court of Appeals decision is consistent with a reasonable application of the Supreme Court's decision in Greenholtz v. Inmates of Nebraska Penal and Correctional Complex, 442 U.S. 1, 12, 99 S.Ct. 2100, 60 L.Ed.2d 668 (1979) and is also reasonable in light of the evidence on the

7

record. In Greenholtz, the Supreme Court stated:

> The Due Process Clause applies when government action deprives a person of liberty or property; accordingly, when there is a claimed denial of due process we have inquired into the nature of the individual's claimed interest. "[T]o determine whether due process requirements apply in the first place, we must look not to the 'weight' but to the *nature* of the interest at stake." Board of Regents v. Roth, 408 U.S. 564, 570-71, 92 S.Ct. 2701, 2705-2706, 33 L.Ed.2d 548 (1972). This has meant that to obtain a protectable right "a person clearly must have more than an abstract need or desire for it. He must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it." Id. at 577, 92 S.Ct. at 2709. There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence.

Id. 442 U.S. 7, 99 S.Ct. 2103-2104. The Court in Greenholtz found that "the expectancy of release provided in this statute is entitled to some measure of constitutional protection. However, we emphasize that this [Nebraska] statute has unique structure and language and thus whether any other state statute provides a protectable entitlement must be decided on a case-by-case basis." Id. 442 U.S. 12, 99 S.Ct. 2106. The State notes that the Missouri conditional release statute does not create a liberty interest because the statute vests discretion with the Board. See also Spencer, 2014 WL 2558694, *8 ("Missouri inmates do not have a liberty interest in conditional release."); Watson v. Clover, 102 Fed.App'x. 519 (8th Cir. 2004); Weston v. Denney, No. 13-00120-CV- W-FJG, 2014 WL 988802, *1 (W.D.Mo. Mar. 13, 2014).

In Rentschler, 311 S.W.3d 783, the plaintiffs challenged amendments to the conditional release statute. The plaintiffs had been convicted of various violent felonies and sentenced to life in prison. At the time they were sentenced, the conditional release statute was silent regarding whether violent felons were eligible for conditional release. In 1990, the Missouri legislature amended
§ 558.011 making conditional release inapplicable to those convicted of dangerous

8

felonies. This included the felonies which plaintiffs had been convicted of. The plaintiffs argued that the amendment violated substantive due process clause by "adding additional time of incarceration." The Missouri Supreme Court disagreed:

> Conditional release is unknown to the common law; it derives solely from the statutory authority that created it. "[W]here the right exists only by state law, *it is not protected by substantive due process* and 'may constitutionally be rescinded so long as the elements of procedural due process are observed.'" State ex rel. Cavallaro v. Groose, 908 S.W.2d 133,135-36 (Mo. banc 1995) citing McKinney v. Pate, 20 F.3d 1550,1556 (11th Cir. banc 1994)(emphasis added).

Id. at 786. In Cooper, the Court stated that an amended law may be applied retroactively when the change is procedural in nature and does not affect any substantive rights of the parties. The Court determined that:

> In this case, the change to section 558.011.4(1)(c) did not affect a substantive right. To have entitlement to a conditional release, the date of release must be established. Elliott v. Carnahan, 916 S.W.2d 239, 241 (Mo.App.1995). Cooper did not have a conditional release date established when H.B. 974 took effect in 1990. As a result, the procedural change in how the Parole Board determines conditional release terms did not affect a substantive right of Cooper. Therefore, the procedural change may be applied to him.

Id. at 619. The Court agrees and finds that because Cavallaro did not have a conditional release date when the statute was amended, he did not have any substantive rights which were affected. Accordingly, the Court finds that the Missouri Court of Appeal's decision was not "contrary to" or an "unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." See 28 U.S.C. § 2254(d)(1).

No evidentiary hearing will be held in this matter because the issues raised are resolvable by the record. Furthermore, movant will be denied a motion for certificate of appealability. Under 28 U.S.C. § 2253(c)(2), "[a] certificate of appealability may issue

under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right." "A substantial showing of the denial of a constitutional right requires that 'issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings.'" Charron, 2013 WL 5744164, *3 (quoting Cox v. Norris, 133 F.3d 565, 569 (8th Cir.1997)). The Court finds that the issues raised by Cavallaro do not meet this criteria.

## IV. CONCLUSION

Accordingly, for the reasons stated above, the Court hereby **DENIES** Cavallaro's Amended Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (Doc. # 2).


Date: September 2, 2014                      **S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri                 Fernando J. Gaitan, Jr.
                                                       United States District Judge