# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# ST. JOSEPH DIVISION

VINCENT CAVALLARO, )
)
Petitioner, )
)
vs. ) Case No. 12-6123-CV-SJ-FJG
)
LARRY DENNEY, et al., )
)
Defendants. )

# ORDER

Currently pending before the Court is Petitioner's Supplemental Application for a Certificate of Appealability (Doc. # 19).

## I. BACKGROUND

Cavallaro was initially incarcerated in North Carolina for murder. He escaped and committed two homicides in Missouri. In 1969, Cavallaro was charged with first and second degree murder. On May 5, 1969, Cavallaro pled guilty to these charges and was sentenced to life imprisonment for the first degree murder charge, and 35 years for the second degree murder charge. The sentences were ordered to run consecutively. In 1981, Cavallaro escaped from a Missouri prison. He later turned himself in and pled guilty to the charge of escape and was sentenced to five years on May 7, 1981. Cavallaro was denied parole and/or conditional release in March 2009 by the Missouri Board of Probation and Parole ("MBPP"). Cavallaro challenged this denial in the Circuit Court of Cole County, arguing that he had a liberty interest in the use of statutes and regulations in force at the time of his offense. He also claimed that he had a liberty interest in release on parole. He also claimed that his denial was based on a post-1982

statute and that this violated the Ex Post Facto Clause. The Circuit Court construed the action as a petition for mandamus against the Missouri Board of Probation and Parole and on March 10, 2010, granted summary judgment to the MBPP and the Warden. On September 13, 2011, the Missouri Court of Appeals affirmed the decision of the circuit court. On October 26, 2012, petitioner filed an Amended Writ of Habeas Corpus with this Court. On September 2, 2014, this Court denied petitioner's Amended Writ of Habeas Corpus and denied petitioner a Certificate of Appealability. Petitioner has now filed a Supplemental Application for a Certificate of Appealability, asserting that the Court erred in five specific areas.

## II. STANDARD

> The federal statute governing certificates of appealability provides that "[a] certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right."28 U.S.C. § 2253(c)(2). A substantial showing of the denial of a constitutional right requires that "issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." Cox v. Norris,133 F.3d 565, 569 (8th Cir.1997).

Charron v. Hurley, No. 4:10CV1487 HEA, 2013 WL 5744164, at *3 (E.D. Mo. Oct. 23, 2013).

## III. DISCUSSION

### A. Timeliness of Request for a Certificate of Appealability

The Order denying Cavallaro's Amended Petition for a Writ of Habeas Corpus filed pursuant to 28 U.S.C. §2254 was filed on September 2, 2014. On October 17, 2014, the Court received correspondence from Cavallaro regarding alleged unethical behavior of his former counsel. Cavallaro advised that his former counsel is no longer representing him. On October 20, 2014, Cavallaro filed a Supplemental Application for a Certificate of Appealability. In the September 2, 2014 Order denying Cavallaro's §2254 habeas

petition, the Court stated that a Certificate of Appealability would not be issued because the issues raised by Cavallaro did not meet the standard. In his Supplemental Application, Cavallaro states that he wishes to raise three issues.

Rule 11 of the Rules Governing Section 2254 Proceedings states in part:

> (a) Certificate of Appealability. The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . .If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. §2253(c)(2). If the court denies a certificate, a party may not appeal the denial, but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.
>
> (b) Time to Appeal. Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order entered under these rules. A timely notice of appeal must be filed even if the district court issues a certificate of appealability.

In <u>Williams v. Finn</u>, No. 2:07-CV-01925AK, 2009 WL 4906518 (E.D.Cal. Dec. 18, 2009), petitioner filed a motion for an extension of time to request a certificate of appealability. Petitioner filed the motion within thirty days of the deadline for filing a notice of appeal. The Court found that pursuant to Fed.R.App.P. 4(a)(5)(A)(ii), petitioner was required under the rule to demonstrate excusable neglect. The Court in that case found that petitioner had demonstrated excusable neglect because he stated that his prison job and the prison library hours made it impossible for him to timely request a certificate of appealability. In the instant case, Cavallaro had thirty days or until October 2, 2014, in which to file his notice of appeal. In correspondence sent to the Court on October 15, 2014, Cavallaro states that on October 2, 2014, his attorney, Jason Henry, electronically filed an Application for a Certificate of Appealability in the instant case. This is however, incorrect, as the Court's docket sheet indicates no filings made on this date. On October 20, 2014, Cavallaro filed his Supplemental Motion for a

3

Certificate of Appealability. The Court will construe this Supplemental Motion as a Motion for an Extension of Time. Fed.R.App.P. 4(a)(5), states:

(A) The district court may extend the time to file a notice of appeal if:

    (i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and

    (ii) regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause.

In the instant case, the time for filing a Notice of Appeal expired on October 2, 2014. Cavallaro filed his Supplemental Application on October 20, 2014, this is within thirty days after the expiration of the time period. Therefore, the court finds that Cavallaro's Supplemental Application for a Certificate of Appealability was timely filed. Additionally, the Court finds that Cavallaro has shown good cause for the late filing, due to the breakdown in communication with his counsel and his counsel's failure to timely file a Motion for a Certificate of Appealability or a Notice of Appeal despite advising Cavallaro that he had done so.

**B. Supplemental Application for a Certificate of Appealability**

After careful review of the additional issues raised in Cavallaro's Supplemental Application for a Certificate of Appealability, the Court finds that a certificate of appealability should not be issued on any of the issues raised in the Supplemental Application. Under 28 U.S.C. § 2253(c)(2), "[a] certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right." "A substantial showing of the denial of a constitutional right requires that 'issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings.'" Charron, 2013 WL

4

5744164, *3 (quoting Cox v. Norris, 133 F.3d 565, 569 (8th Cir.1997)). The Court finds that none of the issues raised by Cavallaro meet this criteria and therefore the Supplemental Application for a Certificate of Appealability is hereby **DENIED**.

## IV.  CONCLUSION

Accordingly, for the reasons stated above, the Court hereby **DENIES** Cavallaro's Supplemental Application for a Certificate of Appealability (Doc. # 19).

Date: <u>January 13, 2015</u>　　　　　　　　　　**S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri　　　　　　　　　　　　Fernando J. Gaitan, Jr.
　　　　　　　　　　　　　　　　　　　　　　United States District Judge